# United States Court of Appeals
# for the Fifth Circuit

No. 26-50066
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Aaron Davis Reed,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:25-CR-37-1

Before Davis, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Aaron Davis Reed appeals from the 18-month sentence of imprisonment imposed following his guilty plea conviction for escape. He first challenges the procedural reasonableness of the sentence on the ground that the district court mistakenly believed that he had escaped twice instead of once. Because the district court admitted its misunderstanding during sentencing and stated that the error had no effect on the sentence, Reed has

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

not shown that the district court selected the sentence based on a clearly erroneous fact. *See Gall v. United States*, 552 U.S. 38, 51 (2007). In any event, the district court's statement shows that any error was harmless. *See United States v. Robinson*, 741 F.3d 588, 601 (5th Cir. 2014).

For the first time on appeal, Reed argues that the district court erred by adding one criminal history point under U.S.S.G. § 4A1.1(e) for committing the instant offense while under a criminal justice sentence because that adjustment punishes him a second time for the same underlying act of escape. Although he acknowledges that this argument is contrary to *United States v. Vickers*, 891 F.2d 86, 87 (5th Cir. 1989), he contends that *Vickers* was undermined in this context by *Stinson v. United States*, 508 U.S. 36, 38 (1993). As Reed is not relying on any cases that specifically support his argument, he has not shown plain error on this basis. *See United States v. Vargas-Soto*, 700 F.3d 180, 182 (5th Cir. 2012).

AFFIRMED.